# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Tracey Smith,

       Defendant.

**ORDER**
Criminal No. 10-338(5) ADM/JSM

_____

Tracey Smith, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Tracey Smith's ("Smith") Motion for Reduction of Sentence [Docket No. 250] ("Motion"). For the reasons below, Smith's Motion is denied.

## II. BACKGROUND

On December 14, 2010, Smith was charged with four co-defendants in a multi-count indictment [Docket No. 1]. On April 4, 2011, the defendant pled guilty to Count 1, conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The written plea agreement outlined the duties and responsibilities of the parties concerning the defendant's cooperation with the authorities [Docket No. 134]. Smith was sentenced to a term of imprisonment of 188 months [Docket No. 182].

## III. DISCUSSION

The Court construes Smith's pleading liberally, as the defendant is proceeding pro se. Estelle v. Gamble, 429 U.S. 97 (1976). Even when liberally construed, the Court holds that it

does not have the authority to modify Smith's sentence. Smith makes no formal arguments. Rather Smith requests permission to address the Court pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Smith would like to present argument for a 36 month reduction of sentence based on 18 U.S.C. § 3553(e) factors. However, Section 3553 pertains to the initial imposition of a sentence, and does not empower a court to later reduce a sentence.

The Federal Rules of Criminal Procedure authorize a Court to reduce a defendant's sentence "[u]pon the government's motion made within one year of sentencing . . . if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). The government's decision not to file a substantial assistance motion under § 5K1.1 can be reviewed by the district court only if there is a substantial threshold showing that the decision was based on an unconstitutional motive or was not rationally related to any legitimate government end. United States v. McClure, 338 F.3d 847, 850 (8th Cir. 2003). Moreover, a plea agreement in which the government specifically retains its discretion to file such a motion will defeat a motion to compel unless the defendant is able to show an unconstitutional motive or bad faith. Id. Smith has presented no evidence of substantial assistance, and furthermore, has alleged no unconstitutional motive.

Similarly, the Court does not have the power to grant Smith's Motion even when considering the broader range of relevant rules and laws. Smith has not stated a violation of his Constitutional rights or of federal law, and as such has not invoked 28 U.S.C. §§ 2241 or 2255. Smith has not cited, nor has the Court identified, any clerical error warranting a sentence reduction under Rule 36. As a result, the Court must deny the present Motion.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Smith's Motion for Sentence Reduction [Docket No. 250] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 4, 2013.