# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                 Plaintiff,

     v.

Tracey Smith,

                 Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 10-338(5) ADM/JSM
Civil No. 16-404 ADM

_____

Thomas M. Hollenhorst, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Tracey Smith, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Tracey Smith's 28 U.S.C. § 2255 Motion [Criminal Docket No. 288] ("2255

Motion").[1]  For the reasons below, Smith's Motion is denied.

## II.  BACKGROUND

On December 14, 2010, Smith was one of five individuals charged in a multi-count

Indictment for narcotics-related offenses.  Specifically, Smith was charged with one count of

conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), and 846; two counts of possession with intent to distribute five grams or more of

cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and one count of

distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B).  See Indictment [Docket No. 1].

_____

[1] All docket citations are to the Criminal Docket.

On April 4, 2011, Smith pled guilty to Count 1 of the Indictment, the conspiracy charge. <u>See</u> Min. Entry [Docket No. 130]. Smith was sentenced to 188 months imprisonment followed by five years of supervised release. <u>See</u> Min. Entry [Docket No. 181]. The remaining counts were dismissed.

Although Smith did not directly appeal his sentence, he has filed at least four post-conviction motions. On August 26, 2013, Smith moved for a sentence reduction, arguing that he was entitled to a reduction under Rule 35 of the Federal Rules of Criminal Procedure for providing substantial assistance to the government. <u>See</u> Mot. Reduction Sentence [Docket No. 250]. That motion was denied. <u>See</u> Order [Docket No. 253]. On March 17, 2014—almost two and half years after judgment was entered in his case—Smith filed a motion entitled "Motion For Leave To File Direct Appeal" [Docket No. 256]. Recognizing that the time for filing a direct appeal long since expired, Smith nevertheless argued that the deadline should be extended because his attorney failed to timely file an appeal. <u>See</u> Mem. [Docket No. 257]. This motion was also denied. <u>See</u> Order [Docket No. 258]. On February 23, 2015, Smith filed another motion seeking a sentence reduction. <u>See</u> Mot. [Docket No. 265]. This motion was predicated on Amendment 782 to the Sentencing Guidelines, which retroactively reduced by two levels some drug quantity base offense levels under U.S.S.G. § 2D1.1. The Amendment, however, did not effectuate a sentence reduction because Smith was sentenced as a career offender under U.S.S.G. § 4B1.1. <u>See</u> Letter [Docket No. 281].

On February 17, 2016, Smith filed the present motion. Smith argues that he was adjudged to be a career offender because prior offenses qualified as a "crime of violence" under the residual clause of the career offender enhancement. <u>See</u> 2255 Mot. Smith argues that

2

because the identical residual clause in the Armed Career Criminal Act was recently declared unconstitutional in Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551 (2015), his adjudication as a career offender cannot stand.

## III.  DISCUSSION

Assuming without conceding that Johnson set forth a newly recognized right that restarts the one-year statute of limitations for § 2255 motions, the Government presents three reasons why Smith's motion must be denied.[2]  First, the Government argues that Smith is barred from attacking his status as a career offender because he did not challenge that designation on direct appeal.  Second, the Government argues that the Eighth Circuit has declined to extend the holding in Johnson to Sentencing Guideline claims on collateral appeal.  Finally, because Smith was convicted of two force-clause offenses and Johnson was only concerned with the residual clause of the Armed Career Criminal Act, classifying Smith as a career offender is still appropriate.

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821–22 (8th Cir. 1987).  "While a guilty plea taken in open court is not

---

[2] Section 2255 includes a one-year limitation period starting from, as relevant here, "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255.  Johnson was decided on June 26, 2015, and its retroactive applicability to cases on collateral review is unsettled.  See Greer v. Wilson, No. 15-3094, 2015 WL 7432336, at *4–5 (D. Minn. Nov. 23, 2015).

invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

## A.  Procedural Default

The Government argues that Smith has procedurally defaulted on his claim and he is therefore barred from raising this issue on collateral appeal.  A defendant's failure to raise an issue on direct appeal constitutes a procedural default barring him from raising it for the first time in a § 2255 motion.[3]  Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997).  A defendant may, however, overcome procedural default if he can show both (1) a cause that excuses the default, and (2) actual prejudice from the alleged errors.  Id.

In Lindsey v. United States, the defendant was sentenced as a career offender due in part to a  prior conviction for driving under the influence of alcohol, which, at the time of sentencing, was considered a crime of violence.  615 F.3d 998, 999–1000 (8th Cir. 2010).  The defendant did not appeal his conviction or sentence.  Id. at 1000.  Roughly two years after the defendant's conviction and sentence, the United States Supreme Court, in Begay v. United States, 553 U.S. 137 (2008), declared that driving under the influence of alcohol was not a crime of violence. Lindsey, 615 F.3d at 1000.  The defendant sought post-conviction relief under § 2255, arguing that under Begay, he was improperly sentenced as a career offender.  Id.  In support of his

---

[3] Smith was sentenced on October 13, 2011.  Therefore, under the Federal Rules, Smith had 14 days to timely appeal his conviction.  Fed. R. App. P. 4(b)(1)(A).  In his Plea Agreement, however, Smith waived his right to appeal any sentence under 327 months.  Plea Agreement [Docket No. 134] ¶ 10.  His sentence of 188 months falls well within his waiver period.

position, the defendant argued that his motion should not be procedurally barred because, prior

to Begay, it was settled law that a DUI conviction was a crime of violence. Id. at 1000–01.

Thus, cause existed to circumvent the procedural bar. Id. Although it was "not unsympathetic"

to the defendant's argument, the Eighth Circuit disagreed that cause existed to excuse the

defendant from directly challenging his status as a career offender, citing Supreme Court

precedent that "futility cannot constitute cause if it means simply that a claim was unacceptable

to that particular court at that particular time." Id. at 1001 (quoting Bousley v. United States,

523 U.S. 614, 623 (1998) (quotation marks omitted)).

The similarity between Lindsey and this case is striking. Both defendants were adjudged

to be career offenders based on prior convictions. Both defendants did not directly challenge

their sentence and conviction. In both Lindsey and here, the Supreme Court later held that a

previous conviction used to adjudicate each defendant as a career offender could no longer

qualify to do so. Both defendants later challenged their sentence as a career offender in a § 2255

motion. Given the near perfect factual overlap between Lindsey and Smith, the ultimate

conclusion must also align. Smith's failure to challenge his career offender status on direct

appeal procedurally bars this motion from succeeding.

**B.  Crimes of Force**

Smith's motion is also independently deficient on the merits. As the Government

correctly points out, Johnson concerned only the constitutionality of the Armed Career Criminal

Act's residual clause—the other provisions defining violent felonies were untouched. See Ortiz

v. Lynch, 796 F.3d 932, 935 n.2 (8th Cir. 2015). Therefore, an offense punishable by

imprisonment for a term exceeding one year, that "has as an element the use, attempted use, or

5

threatened use of physical force against the person of another" is still, post-Johnson, a "crime of violence" for purposes of the career offender enhancement.  U.S.S.G. §4B1.2(a)(1).

Smith was twice convicted of crimes of force:  (1) a 1991 aggravated bank robbery in state court and (2) a 1997 bank robbery in federal court.  See Response [Docket No. 291] Exs. 1 (register of actions for aggravated bank robbery), 2 (superseding Indictment and Judgment for bank robbery).  Because of these two prior felony crimes of violence offenses, Smith was properly adjudged a career offender and his motion is therefore denied.

## IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Smith's motion be debatable among reasonable jurists.  Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**

that Defendant Tracey Smith's 28 U.S.C. § 2255 Motion [Docket No. 288] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____ s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 28, 2016.