UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

v.

Tracey Smith,

          Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 10-338(5) ADM/JSM

_____

Thomas M. Hollenhorst, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Tracey Smith, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Tracey Smith's ("Smith") Motion Under Rule 60(b) [Docket No. 323] (the "Motion") and Motion to Amend his Pending Rule 60(b) Motion [Docket No. 328]. For the reasons set forth below, the Motions are denied.

## II. BACKGROUND

Smith was one of five individuals charged in a multi-count Indictment alleging narcotics-related offenses. See Indictment [Docket No. 1]. On April 4, 2011, Smith pled guilty to Count 1 of the Indictment, conspiracy to distribute cocaine base, and was sentenced to 188 months imprisonment followed by five years of supervised release. See Min. Entry [Docket No. 181]. The term of imprisonment was a downward departure from the United States Sentencing Guidelines (the "Guidelines") range of 262 to 327 months. Presentence Investigation Report ("PSR") ¶ 85.

Although Smith did not directly appeal his sentence, he has filed at least four post-conviction motions. His first motion, brought under Federal Rule of Criminal Procedure 35, argued that he was entitled to a sentence reduction for providing substantial assistance to the Government. See Mot. Reduction Sentence [Docket No. 250]. That motion was denied. See Order [Docket No. 253]. On March 17, 2014—almost two and half years after judgment was entered in his case—Smith filed a motion entitled "Motion For Leave To File Direct Appeal" [Docket No. 256]. Recognizing that his time for filing a direct appeal long since expired, Smith nevertheless argued that the deadline should be extended because his attorney failed to timely file an appeal. See Mem. [Docket No. 257]. This motion was also denied. See Order [Docket No. 258]. On February 23, 2015, Smith filed another motion seeking a sentence reduction. See Mot. [Docket No. 265]. This motion was predicated on Amendment 782 to the Guidelines, which retroactively reduced by two levels some drug quantity base offense levels under U.S.S.G. § 2D1.1. The Amendment, however, did not effectuate a sentence reduction because Smith was sentenced as a career offender under U.S.S.G. § 4B1.1. See Letter [Docket No. 281].

On February 17, 2016, Smith filed his first Motion to Vacate Under § 2255 [Docket No. 288]. Smith argued that under Johnson v. United States, 135 S. Ct. 2551 (2015), two prior convictions no longer qualified as crimes of violence under the career offender provisions of the Guidelines. That motion was denied for procedural reasons and on the merits. See Mem. Op. Order [Docket No. 299] ("March 28, 2016 Order"). On May 13, 2016, Smith appealed the March 28, 2016 Order. See Appeal [Docket No. 301]. That same day, Smith filed another § 2255 Motion, raising essentially the same arguments that were previously unsuccessful. See Mot. Vacate § 2255 [Docket No. 305]. That motion was denied because Smith had not received

2

permission from the Eighth Circuit Court of Appeals to file a successive motion brought under § 2255. See Order [Docket No. 308]. Smith appealed that decision, too. See Appeal [Docket No. 310]. The Eighth Circuit was unpersuaded in both instances, and Smith's two appeals were rejected. See J. USCA [Docket No. 314].

On June 9, 2017, Smith filed the present Motion under Federal Rule of Civil Procedure 60(b). Smith again argues that his sentence should be reduced because he was incorrectly determined to be a career offender. On August 24, 2017, Smith filed the Motion to Amend his Pending Rule 60(b) Motion. In this filing, Smith raises nine factual defects that he argues require him to be resentenced.

### III. DISCUSSION

Smith argues that a prior conviction for aggravated robbery was erroneously referred to as aggravated bank robbery, and that this error places him outside of the career offender enhancement.

A court may grant relief under Rule 60(b) for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is, however, "well-established that inmates may not bypass the authorization requirement of . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005). When a petitioner requests Rule 60(b) relief, the motion must be assessed to determine whether it is more properly characterized as a § 2255 petition. See, e.g., United States v. Borrero, Nos. 03-281, 08-1160, 2010 WL 3927574, at *1 (D. Minn. Oct. 5, 2010). A Rule 60(b) motion may be considered a second or successive § 2255 petition if it "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). A motion will not be characterized as a second or

3

successive § 2255 petition if it "attacks . . . some defect in the integrity of the federal habeas proceedings." Id.

The Motion and the Motion to Amend are properly characterized as a successive § 2255 petition. The Motion challenges Smith's career offender enhancement on the ground that a prior conviction does not qualify as a crime of violence under the career offender provisions. This was directly presented in the March 28, 2016 Order upholding Smith's career offender enhancement based on his prior felony convictions. See March 28, 2016 Order. The Motion to Amend raises arguments that are also beyond the scope of Rule 60 and are properly cognizable under § 2255. Since Smith has not received permission from the Eighth Circuit Court of Appeals to file a successive § 2255 petition, the Motion and Motion to Amend are procedurally barred.

The Motion also fails on the merits.[1] Smith correctly states he has never been convicted of aggravated bank robbery. The March 28, 2016 Order states that Smith had twice been convicted of crimes of force and that his career offender status is therefore proper. Id. at 6. In so ruling, the March 28, 2016 Order incorrectly states that Smith was convicted of "aggravated bank robbery" in 1991, when the conviction was for "aggravated robbery." Id.; Response [Docket No. 291] Ex. 1. His second predicate felony was a 1998 federal bank robbery conviction. Response Ex. 2. This misstatement, however, does not invalidate Smith's career offender status, as aggravated robbery is a felony offense that "had as an element the use,

---

[1] As pled, the Motion to Amend is also facially deficient. Smith baldly asserts, for example, that he "was deprived of effective assistance of counsel," that "counsel had a tepid presentation during the sentencing phase," and that the "United States Assistant Attorney has conceded that the career offended status has been removed." Mot. Amend at 4. Smith offers no significant argument to support these claims.

4

attempted use, or threatened use of physical force against the person of another." See United States v. Rucker, 545 F. App'x 567, 572–73 (8th Cir. 2013) (holding that § 609.245, the statute of conviction for Smith's aggravated robbery conviction, is a violent felony because it has as an element "threatened use of physical force"). As such, Smith is not entitled to relief under Federal Rule 60(b) because there is no fraud or mistake that requires correcting.

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tracey Smith's Motion Under Rule 60(b) [Docket No. 323] and Motion to Amend his Pending Rule 60(b) Motion [Docket No. 328] are **DENIED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 29, 2017.