UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.

Tracey Smith,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 10-338(5) ADM/JSM

___

Michael L. Cheever, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Robert H. Meyers, Assistant Federal Defender, Minneapolis, MN, on behalf of Defendant.

___

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Tracey Smith's ("Smith") Motion to Reduce Sentence Under the First Step Act ("Motion") [Docket No. 362]. Smith requests a reduction of his sentence under § 404 of the First Step Act. The Government opposes a reduction of Smith's sentence with its Motion to Dismiss [Docket No. 350]. For the reasons set forth below Smith's Motion is denied.

## II.  BACKGROUND

On December 14 2010, Smith and four co-defendants were charged in a multi-count Indictment with federal drug trafficking of cocaine base ("crack"). Indictment [Docket No. 1]. Smith was charged in Count 1 with conspiring to distribute 50 grams or more of crack in a conspiracy that lasted from 2005 to December 14, 2010. Id. at 1–2.

Count 1 of the Indictment charges Smith under 21 U.S.C. § 841(b)(1)(A), which carries a 10-year mandatory minimum sentence. This statutory provision was amended by the Fair Sentencing Act ("FSA") on August 3, 2010, four months before the conspiracy had ended and

Smith was charged. See Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the FSA increased the quantity of crack cocaine needed to trigger the 10-year minimum in § 841(b)(1)(A) from 50 grams to 280 grams. Id. The FSA also amended § 841(b)(1)(B), which specifies the drug quantities required to trigger a 5-year mandatory minimum sentence, by raising the quantity of crack from 5 grams to 28 grams. Id. Although the FSA was in effect at the time Smith was indicted, Count 1 charged the 50-gram-or-more conspiracy under § 841(b)(1)(A), rather than under § 841(b)(1)(B).

In April 2011, Smith entered a plea of guilty to the conspiracy charge in Count 1. See Min. Entry [Docket No. 130]; Plea Agreement [Docket No. 134]. As part of the Plea Agreement, Smith was held responsible for between 840 grams and 2.8 kilograms of crack. Plea Agreement at 4. The Plea Agreement states that the statutory penalty for the charge in Count 1 (conspiring to distribute 50 grams or more of crack cocaine) is 10 years to life in prison. Id. Again, this statutory penalty range corresponds to the pre-FSA penalty structure for crack offenses.

The Probation Office prepared a PSR which, like the Indictment, stated that Smith's offense was conspiring to distribute 50 grams or more of crack and that the penalty range for this offense was 10 years to life in prison. PSR at F.1. The PSR also found that Smith was accountable for between 840 grams and 2.8 kilograms of crack cocaine. Id. at 7. The PSR further determined that Smith was a career offender. Id. at 8. Because Smith's offense of conviction carried a statutory maximum penalty of life, his base offense level was 37 under the career-offender sentencing guideline, U.S.S.G. § 4B1.1. Id. With a 3-level adjustment for for acceptance of responsibility, Smith's total offense level was 34. Id. Smith's career offender

status placed him in Criminal Category VI.  His resulting guideline range at sentencing was 262 to 327 months' imprisonment.  Id. at 13.

Smith was sentenced on October 13, 2011.  At the sentencing hearing, the Government stated that Smith's career offender status was "very close," because one of Smith's two predicate offenses for his career offender designation fell within the 15-year window of when he committed the current offense by only two months.  Sentencing Tr. [Docket No. 360] at 8.  Had Smith not been a career offender, his guideline range would have been 151 to 188 months' imprisonment.  The Government stated that "[i]n light of the other sentences that the Court has imposed in this case, the defendant's relatively low level of culpability, the criminal history category that is – I'm not sure it overstates it, but it is a factor – the Government thinks that a sentence more towards the range that we just discussed [151 to 188 months] would be appropriate in this case."  Id. at 9.

The Court departed substantially downward from the 262 to 327 month guideline range and sentenced Smith to 188 months' imprisonment and 5 years' supervised release.  Sentencing J. [Docket No. 182] at 2–3; Sentencing Tr. at 13.  The Court stated that the reason for the downward departure was that Smith's "criminal history is overstated.  Also, the longest period of incarceration [Smith] has previously served is 54 months and this sentence of 188 months is a sufficient escalating consequence for his criminal behavior."  Statement Reasons at 4.

Smith has served approximately 113 months of his 188-month prison term and has earned nearly 17 months of good time credit.  During his time in custody, Smith has participated in prison programming, including NA/AA and educational courses in business and the trades, and has earned his HVAC certificate.  He also serves as an instructor for the commitment to change

class.  Smith has been sanctioned four times for three different incidents while in custody.  He lost 82 days of good conduct time from his involvement in two incidents – possession of a hazardous tool in May 2018 and possession of an unauthorized item in February 2012.  Gov't Mem. Supp. Mot. Dism. [Docket No. 351] at 14.

Smith now asks that his sentence be reduced to time served and a four-year term of supervised release.  He argues he is eligible for a sentence reduction under § 404 of the First Step Act because the statutory penalty for his offense of conviction was modified by Section 2 of the FSA.  Smith contends that the FSA's lower statutory maximum of 40 years results in a reduction of his guideline range from 262–327 months to 188–235 months.  He states that a proportionate sentence under lower guideline range would be 135 months, and that his positive prison conduct and his age (48) support reducing his sentence to time served, which would be the equivalent of a 130 month prison term.

The Government moves to dismiss Smith's § 404 Motion, arguing the Court lacks jurisdiction to rule on the Motion because Smith has already been sentenced in accordance with the FSA.  Gov't Mem. Supp. Mot. Dism. at 1.  The Government further contends that even if the Court had jurisdiction to entertain the § 404 Motion, Smith would not be eligible for a sentence reduction under § 404 of the First Step Act because the amount of crack cocaine for which he was held responsible—over 840 grams—would still trigger the 10 year minimum threshold under 21 U.S.C. § 841(b)(1)(A)(iii).

### III.  DISCUSSION

The FSA reduced sentencing disparities between individuals convicted of crack cocaine crimes and those of powder cocaine crimes.  United States v. McDonald, 944 F.3d 769, 771 (8th

Cir. 2019) (citing Dorsey v. United States, 567 U.S. 260, 269 (2012)).  Section 2 of the Fair Sentencing Act increased the amount of crack cocaine needed to trigger mandatory minimum sentences under § 841(b)(1) by raising the threshold for the 10-year minimum under § 841(b)(1)(A) from 50 grams to 280 grams, and the threshold for the 5-year minimum under § 841(b)(1)(B) from 5 grams to 28 grams.  McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

In 2018, Congress enacted the First Step Act, which makes Sections 2 and 3 of the Fair Sentencing Act retroactive.  Section 404(b) of the First Step Act provides:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, 132 Stat. 5194.

The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  First Step Act § 404(a).  Relief pursuant to the First Step Act is at the district court's discretion, and district courts are not required to hold a hearing when considering § 404 motions.  United States v. Williams, 943 F.3d 841, 843 (8th Cir. 2019).

When considering a motion for a reduced sentence under § 404 of the First Step Act, a court "proceeds in two steps."  McDonald, 944 F.3d at 772.  First, the court decides whether the defendant is eligible for relief under § 404.  Second, if the defendant is eligible, the court decides in its discretion whether a reduction should be granted.  Id.

**A. Eligibility**

The Government argues Smith is not eligible for relief under § 404 because he has already been sentenced in accordance with the FSA, and because the amount of crack for which Smith was accountable would still be punishable under 21 U.S.C. § 841(b)(1)(A) as a 280-gram-or more crack offense.

**1. Jurisdiction under Section 404(c) of the First Step Act**

Section 404(c) of the First Step Act prohibits courts from entertaining a § 404 motion "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." The Government contends that Smith's sentence was imposed in accordance with the FSA because the FSA was in effect at the time the conspiracy ended and Smith was charged.

However, the record substantiates that Smith was charged with, pled to, and was convicted of a 50-gram-or-more crack offense, yet the statutory penalty range applied at sentencing was the pre-FSA range of 10 years to life. Because Smith was not sentenced in accordance with the FSA, the Court has authority to consider his motion under § 404.

**2. Covered Offense**

The Government also argues that Smith is not eligible for a sentence reduction under § 404 because he was held accountable for more than 840 grams of crack cocaine, which would still be punishable under § 841(b)(1)(A)(iii), rather than the lower penalties of § 841(b)(1)(B)(iii). This argument is foreclosed by Eighth Circuit precedent holding that the First Step Act applies to "offenses, not conduct," and that a defendant's statute of conviction determines whether the defendant is eligible for relief. McDonald, 944 F.3d at 772; United

States v. Goolsby, — F.3d —, No. 19-1754, 2020 WL 2787705, *1 (8th Cir. May 29, 2020); United States v. Banks, — F.3d —, No. 19-1750, 2020 WL 2761055, *1 (8th Cir. May 28, 2020).

The offense for which Smith was convicted was conspiracy to possess and distribute "50 grams or more" of crack. Indictment at 1–2; Plea Agreement at 1. Because the Fair Sentencing Act reduced the penalties for a 50-gram crack offense, Smith is eligible for a reduction. See Banks, 2020 WL 2761055, at *1 ("Because the statutes of conviction in [the defendant's] case required only proof that he distributed or conspired to distribute 50 grams of cocaine base, and the Fair Sentencing Act reduced the penalties for a 50-gram offense, he is eligible for a reduction."); Goolsby, 2020 WL 2787705, at *1 (same).

**B. Discretion to Grant Relief**

Having concluded that Smith is eligible for relief, the Court next determines whether a reduction should be granted. Here, a sentence reduction is not warranted because the Court would impose the same sentence under the FSA. When sentencing Smith, the Court was not unduly constrained by the sentencing guidelines. Rather, the Court departed substantially downward and gave Smith the minimum sentence necessary to satisfy the sentencing factors of deterrence, respect for the law, and just punishment. As a result, Smith's sentence remains appropriate despite changes in the law.

The Court recognizes the time and effort Smith has devoted to rehabilitating himself while in prison. Smith's rehabilitation efforts are commendable, and the skills Smith has developed will assist him in living a crime free lifestyle after his release from prison. However, "[a] district court is *not required* to reduce a sentence based on evidence of rehabilitation."

United States v. Caffey, — F. App'x —, No. 19-1679, 2020 WL 3027228, *1 (8th Cir. June 5, 2020) (emphasis in original).  Here, the sentencing factors would be undermined by reducing Smith's sentence.  Smith's motion for a sentence reduction is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion to Dismiss [Docket No. 350] is **DENIED**; and

2. Defendant Tracey Smith's Motion to Reduce Sentence Under the First Step Act [Docket No. 362] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  June 16, 2020